IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | | |
|---|---|---|
| Andrew Clements, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. |
| Total Card, Inc., a South Dakota corporation, | ) ) ) | Class Action |
| Defendant. | ) ) | Jury Demanded |

## CLASS ACTION COMPLAINT

Plaintiff, Andrew Clements, individually, and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's form debt collection letter violated the FDCPA, and to recover damages, and alleges:

### JURISDICTION AND VENUE

1.  This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.  Venue is proper in this District because: a) the acts and transactions occurred here; and, b) Plaintiff and Defendant reside here.

### PARTIES

3.  Plaintiff, Andrew Clements ("Clements"), is a citizen of the State of Alabama, residing in the Northern District of Alabama, from whom Defendant attempted to collect a delinquent consumer debt, which was allegedly owed to United Consumer Financial Services.

4.  Defendant, Total Card, Inc. ("Total"), is a South Dakota corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  Defendant Total operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Alabama.  In fact, Defendant Total was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.  Defendant Total is authorized to conduct business in Alabama, and maintains a registered agent here, <u>see</u>, record from the Alabama Secretary of State, attached as Exhibit <u>A</u>.  In fact, Defendant Total conducts business in Alabama.

## FACTUAL ALLEGATIONS

6.  More than 6 years ago, Mr. Clements fell behind on paying his bills, including a debt he allegedly owed for a United Consumer Financial Services account. Sometime after that debt became delinquent, it was referred to Defendant Total for collection, which then sent Mr. Clements an initial form collection letter, dated April 25, 2017, demanding payment of that debt.  This letter referred to the debt as a "past financial obligation" and stated that satisfying this obligation would be "the right thing" to do.  The letter then made various offers to resolve the account, claiming that the offers would result in savings.  The letter then stated:

* * *

> The law limits how long you can be sued on a debt.  Because of the age of your debt, UNITED CONSUMER FINANCIAL SERVICES will not sue you for it.  If you do not pay the debt, UNITED CONSUMER FINANCIAL SERVICES may report or continue to report it to the credit reporting agencies as unpaid.

* * *

A copy of this collection letter is attached as Exhibit B.

7. Defendant's letter, however, failed to state that Defendant Total could not also sue on the debt; moreover, by stating that United Consumer Financial Services "will not" sue, rather than it "cannot" sue, the letter implied that United Consumer Financial Services still had the option to take those actions, and that it was simply choosing not to do so. Moreover, the letter failed to warn that making a payment could restart the statute of limitations.

8. Additionally, because Defendant's letter also stated that United Consumer Financial Services "may report or continue to report" the debt to the credit reporting agencies as "unpaid", any value that the disclaimer had was rendered useless.

9. In fact, Defendant could not sue to collect the debt at issue because it was time-barred by the statute of limitations in the State of Alabama.

10. Defendant's failure to disclose that neither it, nor the creditor could sue is material. In Alabama, collection agencies like Total can, and do, file collection lawsuits for their clients. Thus, the lack of a proper disclosure would leave the consumer without enough information to make a decision as to what to do about the collection of the debt at issue and cause them to believe Defendant's statement, that the debt was an obligation that needed to be resolved, and/or that payment would result in the alleged savings.

11. Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

12. Defendant's collection communications are to be interpreted under the "least sophisticated consumer" standard, see, Jeter v. Credit Bureau, 760 F.2d 1168,

1176 (11th Cir. 1985); LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1193-1194 (11th Cir. 2010).

## COUNT I
### Violation Of § 1692e Of The FDCPA – False, Deceptive Or Misleading Collection Actions

13.   Plaintiff adopts and realleges ¶¶ 1-12.

14.   Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A). Moreover, debt collectors are barred from threatening to take any action that the collector cannot legally take, see, 15 U.S.C. § 1692e(5).

15.   Attempts by debt collectors to collect time-barred debts via deceptive and misleading collection letters violate § 1692e of the FDCPA, see, Tatis v. Allied Interstate, 882 F.3d 422 (3rd Cir. 2018); Pantoja v. Portfolio Recovery Assocs., 852 F.3d 679 (7th Cir. 2017), cert. denied, 138 S.Ct. 736, 199 L.Ed.2d 604; Daugherty v. Convergent Outsourcing, 836 F.3d 507 (5th Cir. 2016); Buchanan v. Northland Group, 776 F.3d 393 (6th Cir. 2015); and McMahon v. LVNV Funding, 744 F.3d 1010 (7th Cir. 2014).

16.   Although Defendant attempted to provide a disclaimer that the debt was time-barred, that disclaimer was ineffective because: a) it failed to foreclose the possibility that Total would not sue on the debt; b) it failed to foreclose that United Consumer Financial Services could not legally sue, rather than that United Consumer Financial Services had simply chosen not to do so; and c) it failed to warn that making a

4

payment on the debt could restart the statute of limitations.  Moreover, Defendant falsely claimed that the debt was still a "financial obligation", payment of which was the "right thing" to do and which would result in savings when, in fact, no savings exist in paying a time-barred debt.  Thus, Defendant's letter violated of § 1692e of the FDCPA.

17.     These are materially false, deceptive or misleading statements, which would leave a consumer without enough information about what to do regarding this debt to avoid being sued, credit reported or having to pay the full amount at some point in the future, or that there was some benefit in paying the debt, see, Lox v. CDA, 689 F.3d 818, 826 (7th Cir. 2012).

18.     Defendant's violations of § 1692e of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692f Of The FDCPA --
### Unfair Or Unconscionable Collection Actions

19.     Plaintiff adopts and realleges ¶¶ 1-12.

20.     Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

21.     Although Defendant attempted to provide a disclaimer that the debt was time-barred, that disclaimer was ineffective because: a) it failed to foreclose the possibility that Total would not sue on the debt; b) it failed to foreclose that United Consumer Financial Services could not legally sue, rather than that United Consumer Financial Services had simply chosen not to do so; and c) it failed to warn that making a

payment on the debt could restart the statute of limitations.  Moreover, there were no actual savings to be had by payment of the debt, nor was there any benefit to the consumer to pay the debt. in violation of § 1692f of the FDCPA.  Thus, Defendant's letter violated of § 1692f of the FDCPA.

22.   These are materially unfair or unconscionable means that would lead any consumer to believe that they had to pay this debt to avoid being sued, or to obtain the alleged savings, see, Lox, 689 F.3d at 826.

23.   Defendant's violations of § 1692f of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

24.   Plaintiff, Andrew Clements, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Alabama from whom Defendant attempted to collect a delinquent, time-barred consumer debt (i.e., where the date of last payment/last statement is more than six-years from the date of the letter), allegedly owed for a United Consumer Financial Services account, via the same form collection letter (Exhibit B), that Defendant sent to Plaintiff, from one year before the date of this Complaint to the present.  This action seeks a finding that Defendant's form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

25.   Defendant regularly engages in debt collection, using the same form collection letter it sent Plaintiff Clements, in their attempts to collect delinquent consumer debts from other consumers.

26.     The Class consists of more than 35 persons from whom Defendant attempted to collect delinquent consumer debts by sending other consumers the same form collection letter they sent Plaintiff Clements.

27.     Plaintiff Clements's claims are typical of the claims of the Class.  Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class.  This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

28.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.  Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

29.     Plaintiff Clements will fairly and adequately protect and represent the interests of the Class.  The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff Clements has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Andrew Clements, individually and on behalf of all others similarly situated, prays that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiff Clements as Class Representative of the Class, and his attorneys as Class Counsel;

3. Find that Defendant's form collection letter violates the FDCPA;

4. Enter judgment in favor of Plaintiff Clements and the Class, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Andrew Clements, individually and on behalf of all others similarly situated, demands trial by jury.

                                        Andrew Clements, individually and on behalf of all others similarly situated,

                                        By: /s/ David J. Philipps_____
                                        One of Plaintiff's Attorneys

                                        By:/s/ Bradford W. Botes_____
                                        One of Plaintiff's Attorneys

Dated:  April 10, 2018

David J. Philipps    (Ill. Bar No. 06196285)(pro hac vice pending)
Mary E. Philipps    (Ill. Bar No. 06197113)(pro hac vice pending)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Bradford W. Botes   (AL Bar No. ASB-1379043B)
Bond, Botes, Reese & Shinn, P.C.
600 University Park Place
Suite 510
Birmingham, Alabama 35209
(205) 802-2200
(205) 802-2209 (FAX)
bbotes@bondnbotes.com